UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ROBERT TRAMMEL, | No. 2:19-cv-02078-JAM-CKD P |
| Petitioner, | |
| v. | ORDER AND |
| KEN CLARK, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss petitioner's federal habeas corpus application on the basis that it is barred by the statute of limitations. ECF No. 13. The motion has been fully briefed. See ECF Nos. 13, 17-19. For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's application for federal habeas corpus relief be dismissed with prejudice as time barred.

**I.    Factual and Procedural History**

The instant federal habeas application challenges petitioner's conviction for the attempted murder of his former wife and the first-degree murder of her husband, along with various firearm enhancements. ECF No. 14-2 at 1-19 (direct appeal opinion). Petitioner was sentenced in the Trinity County Superior Court on September 25, 2015 to life without parole plus an indeterminate

1

term of 25 years to life and a determinate term of 33 years. ECF No. 14-1 at 1-4 (abstract of judgment).

The California Court of Appeal affirmed petitioner's conviction and sentence on December 27, 2016. ECF No. 14-2. Petitioner filed a petition for review in the California Supreme Court on January 23, 2017. ECF No. 14-3. On March 22, 2017, the California Supreme Court denied the petition for review. ECF No. 14-4.

Following direct appeal of his conviction, petitioner filed one complete round of state habeas review. On August 1, 2018, petitioner filed a state habeas corpus application in the Trinity County Superior Court.[1] ECF No. 14-5. This habeas petition was denied on October 1, 2018.[2] ECF No. 14-6. Next, petitioner filed a habeas corpus application in the California Court of Appeal on October 30, 2018. ECF No. 14-7. This habeas corpus petition was denied on November 26, 2018. ECF No. 14-8. Petitioner's last state habeas corpus application was filed in the California Supreme Court on December 23, 2018. ECF No. 14-9. This habeas corpus petition was summarily denied on June 12, 2019. ECF No. 14-10.

The instant federal habeas corpus petition was filed on October 4, 2019 raising ineffective assistance of counsel claims along with a challenge to the sufficiency of the evidence supporting a finding of implied malice murder. ECF No. 1.

**II.     Motion to Dismiss**

In the motion to dismiss, respondent argues that petitioner's federal habeas application was filed after the one-year statute of limitations expired because none of this state habeas petitions tolled the limitations period. ECF No. 13 at 3. In his opposition, petitioner requests equitable tolling on the basis of his actual innocence. ECF No. 17 at 1 (citing Schlup v. Delo, 513 U.S. 298 (1995)). Specifically, petitioner alleges that he was not at the scene of the shootings but was rather house-sitting at the co-defendant's house. ECF No. 17 at 2. Petitioner's truck that was

---

[1] All pro se filing dates have been calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

[2] Respondent indicates that this petition was denied on September 27, 2018, the date the order was signed by the judge. However, out of an over abundance of caution, the court uses the date that the order was filed by the clerk of court which is October 1, 2018. ECF No. 14-6.

parked in the driveway of the house provides him an alibi for the entire night of the shootings. Id. Additionally, petitioner contends that his motive for the shootings was false because he was winning the custody case for his child. ECF No. 17 at 3. By way of reply, respondent points out that petitioner does not present any new evidence meeting the Schlup standard of actual innocence. ECF No. 18 at 1. In an unauthorized sur-reply which the court has read and considered, petitioner references a statement that his neighbor provided to the police indicating that petitioner's truck never left the driveway on the night of the shootings. ECF No. 19 at 1. Petitioner also argues his innocence because he was not on any of the gas station surveillance footage on the night of the crime. Id.

### III. Legal Standards

#### A. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

#### B. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in

state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

### IV. Analysis

In this case, petitioner's conviction became final, for purposes of calculating the start date of the one-year statute of limitations, on June 20, 2017 following the expiration of the 90-day period to seek certiorari review from the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A); Velasquez v. Kirkland, 639 F.3d 964, 965 (9th Cir. 2011). The statute of limitations commenced the next day and ended on June 20, 2018, absent any statutory or equitable tolling. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

In the instant case, petitioner did not file any state habeas petition until August 1, 2018, over one month after the statute of limitations had already expired. A state habeas corpus petition

filed after the expiration of the statute of limitations does not revive it. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, as respondent points out, petitioner is not entitled to any statutory tolling while his state habeas corpus petitions were pending in state court. The instant federal habeas petition was filed over 15 months after the statute of limitations expired unless petitioner is entitled to equitable tolling.

Petitioner's request for equitable tolling is based on his claim of actual innocence. As an initial matter, the court notes that the presence of petitioner's truck at a different location than the crime scene does not rise to the level of an alibi. See ECF No. 14-2 at 7 (direct appeal opinion describing petitioner's statement to co-defendant Wilson that he could not drive his truck to the victims' house because it would be recognized). The jury obviously credited the co-defendant's testimony on the reason for not driving petitioner's truck to the victims' house when it convicted petitioner of the charged offenses. Credibility determinations are afforded great weight and are not subject to review in federal habeas corpus proceedings. See Jackson v. Virginia, 443 U.S. 307, 326 (1979) (holding that "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). Further, while petitioner disputes his purported motive for the crimes, motive is not an element of any of the crimes for which he was convicted. Thus, it does not provide a legal basis to assert actual innocence that would warrant equitably tolling the statute of limitations.

Moreover, petitioner's bases for arguing actual innocence are not new. Defense counsel argued at trial that the codefendants committed the crime on their own and then framed defendant. See ECF No. 14-2 at 15. Petitioner's current assertion of actual innocence falls far short of the standard required by the United States Supreme Court in Schlup v. Delo, 513 U.S. 298 (1995). Petitioner fails to present any "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial" to demonstrate his actual innocence. Schlup, 513 U.S. at 324. Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations based on his assertion of

actual innocence.

## V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the arguments made in opposition, the court has determined that you filed your federal habeas petition too late. As a result, the claims raised in the habeas petition will not be addressed on the merits. If you disagree with this outcome, you have 30 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court substitute Ken Clark, Warden of the California State Prison-Corcoran, as respondent in this matter.[3]

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted.
2. Petitioner's application for a writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it

---

[3] The appropriate respondent is substituted in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 1, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/tram2078.docx